RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/26/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JUSTIN HARRIS | DOCKET NO. 13-CV-750; SEC. P |
| VERSUS | JUDGE DRELL |
| TIM KEITH, ET AL. | MAGISTRATE JUDGE KIRK |

### Report and Recommendation

Before the Court is the *pro se* complaint of Plaintiff Justin Harris filed *in forma pauperis* and pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (LDOC), and he is incarcerated at Winn Correctional Center (WNC) in Winnfield, Louisiana. Plaintiff claims that he was wrongfully denied trustee status. He names as defendants Warden Tim Keith, Mary Harris, Mona Heyse, and Corrections Corporation of America.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Plaintiff's Allegations*

On December 30, 2012, Plaintiff applied for minimum custody trustee status to obtain an orderly job in the infirmary. [Doc. #1-1, p.1-2, p.1] On January 29, 2013, Plaintiff's request was denied on the grounds that the crime for which he was convicted made him ineligible for trustee status. [Id.] Plaintiff filed an administrative remedy request, which was denied on the same grounds. [Doc. #1-2, p.3] The Secretary of the LDOC referenced WNC

Policy #18-101, which provides that offenders with a charge of Armed Robbery are ineligible for trustee status. [Doc. #1-2, p.4] Plaintiff alleges that he is really being denied trustee status because of his race. He claims that "white offenders" who were convicted of sex offenses and other crimes of violence have been granted trustee status. Additionally, he states that he attained trustee status at another DOC facility - Avoyelles Correctional Center.

Second, Plaintiff claims that he is being deprived of his right to further his education through vocational training.

### Law and Analysis

**1. Screening**

When a prisoner is allowed to proceed in forma pauperis in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. § 1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it

appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. See Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

A hearing need not be conducted for every pro se complaint. See Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. See Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe in forma pauperis complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d at 97. The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power

3

to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327 (1989).

**2. Due Process**

In order to hold any of the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. See Hessbrook v. Lennon, 777 F.2d 999, 1005 (5th Cir. 1985). Plaintiff claims that the defendants deprived him of his right to participate in the LDOC work release program and thus violated his right to Due Process and Equal protection.

Plaintiff has neither a liberty nor property interest in the work release program or vocational/educational program; therefore, his due process claims are frivolous. The statute establishing the work release program, provides in part, "The department shall establish rules for the administration of the work release program and shall determine those inmates who may participate in the release program." La.R.S. 15:1111. It further provides, "The department may approve as work release privileges, placement in universities, colleges, technical, vocational or trade schools, or in sheltered workshops or in training programs designed to improve the skills and abilities of the inmate." La.R.S. 15:1111(B).

In <u>Welch v. Thompson</u>, 20 F.3d 636 (5th Cir. 1994), the Fifth Circuit determined that La. R.S.15:1111 entrusts the actual operation of the work release program to the LDOC. The court further determined that the statute does not dictate to the LDOC whom it must put on work release. In short, the Fifth Circuit has held that "... La. R.S.15:1111 does not create a liberty interest subject to the Due Process Clause." <u>Welch v. Thompson</u>, 20 F.3d 636, 644 (5th Cir.1994). Since the statute does not create a protected liberty interest for eligible prisoners, there can be no deprivation of a liberty interest protected by the due process clause of the Constitution, and therefore Plaintiff cannot show that a constitutional right has been violated.

To the extent that Plaintiff also implies that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, his argument lacks an arguable basis in law and fact. In <u>Board of Regents v. Roth</u>, 408 U.S. 564, 577 (1972), the Supreme Court concluded that in order to have a property interest in a benefit, a person must have more than a "unilateral expectation" of it. Rather, he must "have a legitimate claim of entitlement to it." <u>Id.</u> Thus, the "property interest" protected by the due process clause of the Fourteenth Amendment is defined by the concept of "entitlement," which in turn describes "the security of interests that a person has already acquired in specific benefits." <u>Id.</u> at 576. In other words, a person's

5

interest in a benefit is a property interest only "if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit ..." Evans v. City of Dallas, 861 F.2d 846, 848 (5th Cir. 1988). In any event, the Fifth Circuit has also held that prisoners have no property interest their work-release employment. Bulger v. U.S. Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995). Plaintiff is not entitled to participate in the Louisiana work-release program and therefore to the extent that he claims that he was denied either a liberty interest or a property right in violation of the Due Process Clause, such claims are subject to dismissal as frivolous.

3. **Equal Protection**

To the extent that Plaintiff is seeking to raise an equal protection claim, he is without merit. Plaintiff alleges that the defendants discriminate on the basis of race in the selection of trustees. "Inmates have the constitutional right to be free from racial discrimination." Bentley v. Beck, 625 F.2d 70, 71 (5th Cir. 1980). "To state an equal protection claim, [plaintiff] must allege, inter alia, that similarly situated individuals have been treated differently and he must also allege purposeful or intentional discrimination." McKnight v. Eason, 227 Fed. Appx. 356, 2007 WL 1334184, at *1 (5th Cir. 2007)(citation omitted); accord Baranowski v. Hart, 486 F.3d 112, 123 (5th Cir. 2007). "A prisoner must show that the prison official acted with a

discriminatory purpose and thus cannot base an equal protection claim solely on a personal belief that he was a victim of discrimination. Vague and conclusory allegations [of discrimination] are insufficient to raise an equal protection claim." Jebril v. Joslin, No. C-07-436, 2008 WL 416240, at *8 (S.D.Tex. Feb. 12, 2008) (citing Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995); United States v. Galloway, 951 F.2d 64, 65 (5th Cir. 1992).

In this case, Plaintiff claims that defendants have discriminated against African American inmates generally, and Plaintiff in particular, in the assignment of trustee positions. Plaintiff presents no facts or evidence to support his assertion, other than a conclusory and vague allegation that white inmates convicted of violent crimes are allowed to be trustees. Such an unsupported and conclusory allegation of racial malice is insufficient to state a claim for which relief can be granted. See Al-Ra'id v. Ingle, 69 F.3d 28, 32 (5th Cir.1995).

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and**

7

Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 26th day of July, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE